**In re EDWARDS.**

[Cite as *In re Edwards* (1996), 117 Ohio App.3d 108.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70142.

Decided Dec. 23, 1996.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Gary DeRocco*, Assistant Prosecuting Attorney, for appellee.

*Timothy P. Clarke*, for appellant.

---

HARPER, Presiding Judge.

Appellant, Douglas Edwards, a minor, appeals from the "revocation of his probation" by the Court of Common Pleas of Cuyahoga County, Juvenile Division. Appellant submits that procedural errors committed by the trial court warrant a reversal of the "revocation."

Appellant's mother, Judy Edwards, filed a complaint in the trial court on October 23, 1992, alleging that appellant committed a theft in violation of R.C. 2913.02(A)(1). Appellant admitted the allegation at a November 23, 1992 adjudicatory hearing, and the trial court declared him delinquent. The court assigned appellant a probation officer and referred him to counseling.

Following a dispositional hearing on March 11, 1993, the trial court placed appellant "ON PROBATION AND SUBJECT TO THE RULES OF PROBATION OF THIS COURT UNDER SUPERVISION OF A COURT PROBATION OFFICER." The court's entry regarding disposition also carried a note that set forth: "CONDITIONS OF ORDER OF 1–11–93 CONTINUED IN EFFECT." The court's docket sheet, however, indicates that there was no corresponding document for the January 11, 1993 "order." The docket sheet nonetheless provides that an "order" of that date listed the following conditions: Appellant was to attend school daily, observe a 7:00 p.m. curfew during the week, and attend Alcoholics Anonymous meetings with his mother.

The docket sheet also reveals that an unidentified party filed a complaint for violation of probation on November 16, 1993. There are additional entries setting forth that a capias for appellant's arrest was issued on December 10, 1993, when the parties failed to appear before the court. A note on the docket sheet reveals that there were never any corresponding documents for these entries.

The matter of appellant's alleged probation violation came on for hearing on January 6, 1994. According to the referee report and journal entry of that date, appellant waived counsel and the complaint was read in open court. The report also indicates that appellant voluntarily admitted the allegations in the complaint. The trial court, on March 7, 1994, consequently ordered that appellant be committed to the legal care and custody of the Ohio Department of Youth Services ("DYS") for a minimum term of six months, and a maximum term not to exceed appellant's attainment of the age of twenty-one years.

In addition to staying this commitment, the trial court placed appellant under house arrest after a March 21, 1994 hearing. Appellant was directed not to leave his home unless accompanied by a parent.

The next hearing occurred on June 21, 1994. The trial court terminated appellant's house arrest, suspended the commitment to DYS, and continued appellant's probation.

The next activity supposedly occurred on October 30, 1995 as the court's docket sheet shows, without the movant's identification, that a "Motion for Review of Court Order" was filed on October 30, 1995. The sheet also reveals that a warrant was issued for appellant's arrest on November 9, 1995. The record once again fails to contain the documents themselves.

The only remaining journal entry in the lower case file represents a December 1, 1995 hearing. Despite a notation on the court's docket sheet that a probation officer "orally motioned for reopen[ing] of the case," this information is not recorded in the journal entry. The entry provides that appellant waived counsel, and voluntarily admitted the allegations of the complaint. The entry, however, lists neither an alleged violation of probation nor a finding that appellant violated a condition of probation. Rather, the trial court found appellant delinquent for having committed an act which if committed by an adult would constitute a felony of the fourth degree. Appellant was then ordered into the legal care and custody of DYS for a minimum period of six months and a maximum period not to exceed appellant's attainment of twenty-one years of age.

This appeal followed with appellant claiming as error:

"Assignment of Error No. 1

"The trial court erred in effectively revoking appellant's probation without an adjudication that appellant had violated a condition of his probation.

"Assignment of Error No. 2

"The trial court erred in effectively revoking appellant's probation without giving written notice to appellant.

"Assignment of Error No. 3

"The trial court erred in accepting appellant's waiver of counsel where that waiver was not knowing, intelligent, and voluntary.

"Assignment of Error No. 4

"The trial court erred in 'reopening' the case at the December 1, 1995 hearing."

Prior to considering appellant's assignments of error, this court is hard-pressed to characterize the trial court's "final judgment" in this matter, *i.e.*, the journal entry reflecting the December 1, 1995 hearing ("the December 1995 judgment entry"). The record reveals that appellant was adjudicated delinquent on November 21, 1992. Pursuant to R.C. 2151.355, the trial court had the option of

placing appellant on probation under Subsection (A)(2) or committing him to the legal care and custody of DYS under Subsection (A)(4). The trial court selected the former on March 11, 1993, when appellant was placed on probation.

Appellant does not raise the issue of whether the trial court complied with the requirements set forth in Juv.R. 34(C) after placing him on probation. This rule requires upon the conclusion of a dispositional hearing that the trial court provide a written statement of the conditions of the probation. Moreover, if the judgment is conditional, the order must set forth the conditions. This court observes nothing in the trial court's record that demonstrates compliance with this rule absent a note in the docket sheet as described above.

Notwithstanding this deficiency, disposition of appellant's case occurred in March 1993 with the order of probation. Under these circumstances, the trial court's December 1995 judgment entry can have been meant to relate only to a probation revocation, not disposition.

■ Appellant, in the fourth assignment, asserts that the juvenile probation department terminated his probation sometime between June 1994 and October 1995. He argues, therefore, that the trial court was without authority to "reopen" the case at the probation department's request in December 1995. This argument is devoid of merit for two reasons.

■ First, it is well settled that a trial court speaks only through its journal entries. See *State ex rel. Worcester v. Donnellon* (1990), 49 Ohio St.3d 117, 118, 551 N.E.2d 183, 184. Moreover, an entry is effective only upon journalization. *State v. Ellington* (1987), 36 Ohio App.3d 76, 77–78, 521 N.E.2d 504, 505–506. The trial court herein placed an entry in its docket sheet about "reopening" the case, but no journal entry exists that supports this notation.

■ Second, it is an appellant's burden to provide an adequate record to this court demonstrating claimed error. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 219–220, 400 N.E.2d 384, 385–386; *Baker v. Cuyahoga Cty. Court of Common Pleas* (1989), 61 Ohio App.3d 59, 62, 572 N.E.2d 155, 157. Nothing in the record supports appellant's assertion that the probation department ever terminated his probation. The record shows that the trial court continued appellant's probation on June 21, 1994. The trial court certainly had the authority to revoke the probation thereafter in compliance with the Juvenile Rules and the Revised Code. See Juv.R. 35(B); R.C. 2151.011(A)(14). See, also, R.C. 2151.38(A) (juvenile court maintains jurisdiction until commitment to the Department of Youth Services).

Appellant's fourth assignment of error is overruled.

■ Appellant, in the first assignment of error, submits that the trial court never determined that he was a probation violator after June 21, 1994, when the trial court continued his probation. He thus argues that since the practical effect of the December 1995 judgment entry terminated the probation, the order is void and ineffectual.

Juv.R. 35(B) reads as follows:

"(B) Revocation of probation. The court shall not revoke probation except after a hearing at which the child shall be present and apprised on the grounds on which such action is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled thereto under Rule 4(A). *Probation shall not be revoked except upon a finding that the child has violated a condition of probation* of which he had, pursuant to Rule 34(C), been notified." (Emphasis added.)

The trial court, in its December 1995 judgment entry, neither identified the condition allegedly violated by appellant nor "found" that appellant violated the condition. The trial court merely reiterated its earlier finding that appellant was delinquent for having committed an act which if committed by an adult would constitute a fourth degree felony. The December 1995 judgment entry, therefore, is totally inadequate for purposes of this court's review of the revocation of appellant's probation pursuant to Juv.R. 35(B).

The state's attempts to justify the trial court's "revocation of probation" with references to appellant's drug addiction are mere verbiage. The state should be well versed with the rules of appellate review, including the rule that appeals are not to be determined on the basis of evidence that is added to the appellate record, but not part of the trial court's proceedings. See *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500; *State v. Robinson* (1978), 53 Ohio St.2d 211, 7 O.O.3d 378, 373 N.E.2d 1257; *Papadelis v. First Am. Sav. Bank* (1996), 112 Ohio App.3d 576, 679 N.E.2d 356.

Appellant's first assignment of error is accordingly sustained.

Appellant's second and third assignments of error relate to notice and appellant's waiver of counsel at the December 1, 1995 hearing. Since this case is reversed and remanded in accordance with our ruling in appellant's first assignment, the remaining two assignments are moot. See App.R. 12(A)(1)(c).

Judgment reversed and cause remanded for, if necessary, a probation violation hearing held in accordance with Juv.R. 35(B) and this opinion.

*Judgment reversed*
*and cause remanded.*

PORTER, J., concurs.

PATTON, J., concurs in judgment only.