JOURNAL ENTRY AND OPINION
Defendant-appellant Jason Lee Allen was convicted in the Lyndhurst Municipal Court on one charge of operating a motor vehicle with a prohibited concentration of alcohol while under twenty-one years of age, in violation of § 333.01(b)(2) of the Highland Heights city ordinances, and one charge of weaving, in violation of § 331.34 of the Highland Heights city ordinances. Because the errors about which Allen now complains are not apparent from the record, we are obliged to affirm the judgment.
Allen's first two assignments of error state:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN FAILING TO CONDUCT AN ORAL HEARING ON THE ADMINISTRATIVE LICENSE SUSPENSION (ALS) IN A TIMELY FASHION.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN FAILING TO TERMINATE THE ALS UPON CONVICTION TO THE UNDERLYING DRIVING UNDER THE INFLUENCE CHARGE AND PROVIDE CREDIT FOR THE ALS AGAINST THE COURT-ORDERED SUSPENSION.
These assignments of error are not well taken.
In accordance with Allen's praecipe, the record before us includes a statement of the evidence pursuant to App.R. 9(C). App.R. 9(C) provides:
 If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.
In this case, Allen's assigned errors relate to a supposed administrative license suspension (ALS). The App.R. 9(C) record before us, however, states: "Defendant was not placed on administrate [sic] license suspension. There were no grounds to do so. (See Report of Peace Officer Form No. 2255)." (Emphasis in original.) The App.R. 9(C) record thus furnishes no foundation for Allen's contention that there was any error in reference to an administrative license suspension.
We must decide this appeal based on the App.R. 9 record. See App.R. 12(A)(1)(b). The appellant has the burden of providing a record which exemplifies the claimed error. See In re Edwards (1996), 117 Ohio App.3d 108, 111; State v. Drake (1991), 73 Ohio App.3d 640,647-648. The 9(C) record here does not exemplify Allen's claimed errors. Allen furthermore has not sought to correct any error in the record pursuant to App.R. 9(E). In the absence of an attempt to correct the record and demonstrate prejudice, the error may be considered waived. See State v. Tyler (1990), 50 Ohio St.3d 24, 41-42; State v. Brewer (1990), 48 Ohio St.3d 50,61. Because Allen has not provided us with a record reflecting the errors he claims occurred in the court below, we overrule his first and second assignments of error.
Allen's third assignment of error states:
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT ACCEPTED HIS PLEA WITHOUT INFORMING HIM OF THE CONSEQUENCES OF HIS PLEA, THE POTENTIAL PENALTIES, OR THE RIGHTS HE WAS GIVING UP AND FAILED TO ALLOW HIM OR HIS COUNSEL TO SPEAK IN MITIGATION OF SENTENCE.
Allen's third assignment of error fails for the same reason his first and second assignments of error fail. Allen has not furnished us with any record to support his contention that the trial court failed to inform him of the consequences of his no contest pleas or that the court denied Allen and his counsel the opportunity to speak in mitigation of the sentence. While Highland Heights acknowledges that "the record does not affirmatively demonstrate that the trial court informed [Allen] of the effects of a plea", the burden nevertheless remains on the appellant to supply a record which affirmatively demonstrates the claimed errors. See In re Edwards, supra; State v. Drake, supra. Without a record to exemplify that the court committed the errors about which Allen now complains, we are obliged to presume regularity of the proceedings and affirm the judgment. See City of North Royalton v. Kozlowski (Apr. 18, 1996), Cuayhoga App. No. 69138, unreported; State v. Drake, supra.
In this case, Allen's App.R. 9(C) statement reports only that Allen appeared in court with his counsel and entered no contest pleas to two charges, after which the remaining charges were nolled and Allen was sentenced. The 9(C) record does not even address whether the trial court informed Allen of the consequence of his pleas, much less affirmatively demonstrate that the court failed to so inform him. Presuming regularity in the proceedings below, as we must, we therefore overrule the third assignment of error.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lyndhurst Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________________ DIANE KARPINSKI, PRESIDING JUDGE
 JOHN T. PATTON, J., CONCURS; TIMOTHY E. McMONAGLE, J., CONCURS IN PART AND DISSENTS IN PART (See Concurring and Dissenting Opinion).