OPINION
{¶ 1} Juvenile-appellant Michael Lett appeals from the decision of the Juvenile Division of the Mahoning County Common Pleas Court which sentenced him to time served in a juvenile detention center for a probation violation. For the following reasons, the judgment of the trial court is reversed and remanded for further proceedings.
 STATEMENT OF FACTS {¶ 2} On June 21, 2000, Lett was placed on probation after being adjudicated a delinquent child. On October 25, 2000, a complaint was filed, and assigned Case No. 00JA1920, which alleged a violation of this probation by seventeen-year-old Lett in that he had been cited for possessing marijuana and breaking curfew. Another complaint in Case No. 00CA1913 was filed the day before. On December 20, 2000, a complaint was filed in Case No. 00JA2201 accusing Lett of receiving stolen property and two burglaries. Complaints were also filed in Case Nos. 01JA53 and 01JA62, for occurrences while in detention. In January 2001, the state filed a motion asking that the juvenile court relinquish jurisdiction to the general division.
 {¶ 3} On February 21, 2001, a hearing was conducted wherein a plea agreement was outlined. The state agreed to dismiss Case Nos. 00CA1913, 01JA53, and 01JA62 and withdraw its motion to relinquish jurisdiction in return for Lett's admissions to the three counts in Case No. 00JA2201. The state noted that Lett was also going to stipulate to the probation violation and that time served was sufficient punishment. Lett was then adjudicated delinquent on the three counts.
 {¶ 4} A dispositional hearing was held before a magistrate on April 23, 2001. In Case No. 00JA2201, Lett was committed to the custody of the Ohio Department of Youth Services for a minimum term of one year for each burglary to run consecutively and a concurrent minimum term of six months for receiving stolen property. In Case No. 00JA1920, concerning the probation violation, Lett was sentenced to ninety days in the juvenile detention center. He was given credit for this ninety-day commitment out of the one hundred thirty-eight days he had served pre-disposition. The court then stated that this left forty days of time served that would be credited to the ODYS commitment. Notice of appeal from the May 2001 sentencing entry was filed in November 2001. This court has previously deemed the appeal timely due to procedural irregularities.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 5} Lett sets forth three assignments of error, the first of which provides:
 {¶ 6} "THE TRIAL COURT VIOLATED MICHAEL LETT'S RIGHT TO NOTICE AND DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION; AND JUV.R. 35 WHEN IT DID NOT FOLLOW THE PROPER PROCEDURES FOR PROBATION REVOCATION."
 {¶ 7} Pursuant to Juv.R. 35(B), the court shall not revoke probation except after a hearing at which the child shall be apprised of the grounds upon which revocation is proposed. This rule then provides that probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had been notified.
 {¶ 8} Lett asserts that both parts of this rule were violated. First, he states that the court never notified him of the grounds on which revocation was proposed. Second, he points out that the court never actually found that he violated probation in the transcript, the judgment entry accepting the plea, or the dispositional judgment entry. (Plea Tr. 19). He also notes that he never stipulated to the probation violation on the record; rather, the state told the court that Lett would stipulate to the violation. (Plea Tr. 7, 15).
 {¶ 9} The state concedes the validity of Lett's assignment of error and consents to the case being remanded on this ground for a new probation violation hearing. Both parties cite to this court's decision in the case of In re Royal (1999), 132 Ohio App.3d 496, 507-508, where we reversed a juvenile case on these grounds because the record failed to show that the juvenile court complied with Juv.R. 35(B). We noted that the court failed to advise Royal of the condition of probation he was alleged to have violated and the court did not make a finding that he violated probation. Id. at 507, citing In re Edwards (1996),117 Ohio App.3d 108, 112. In accordance with our prior precedent, the state's concession, and other problems that will become apparent infra, this assignment of error has merit and the disposition of Lett's probation violation, i.e. Case No. 00JA1920, is reversed and remanded for further proceedings.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 10} Lett's second assignment of error contends:
 {¶ 11} "THE JUVENILE COURT ERRED WHEN IT SENTENCED MICHAEL LETT TO SECURE DETENTION IN VIOLATION OF R.C. 2151.354, 2151.355, AND 2151.34."
 {¶ 12} As aforementioned, the court sentenced Lett to ninety days in the juvenile detention center for the probation violation. The court used ninety days of the one hundred thirty-eight days that it found Lett served pre-disposition as credit to fulfill the ninety-day sentence. The court then stated that there were only forty-eight days of detention credit left which would be applied to the commitment with ODYS. The reason Lett appeals this ninety-day sentence to time served is because he wishes these ninety days to be credited toward his commitment time with ODYS rather than be used as what he describes as "dead time."
 {¶ 13} In support of his argument, he explains that he could not be sentenced to the juvenile detention center for the probation violation. He notes that it is unclear from the record what the underlying offense was for which he was on probation. We find this particular issue to be a great problem, requiring reversal in and of itself.
 {¶ 14} The complaint commencing the probation violation proceedings states that Lett was on probation after a previous adjudication of delinquency which occurred on June 21, 2000. At the plea hearing, the state informed the court that the underlying "offense" was unruliness. At the dispositional hearing, the court was advised that the underlying offense was domestic violence.[1] How can a court validly impose a sentence for a probation violation when it is unsure of the underlying offense?
 {¶ 15} Amazingly, it appears the actual reason Lett was on probation was neither of the above but rather was for a traffic ticket. Apparently, he was pulled over on May 20, 2000, for driving without an operator's license in violation of R.C. 4507.02(A). Three days of community service and an unspecified term of non-reporting probation was imposed in Case No. 00JT963 on June 21, 2000. This court had to specifically order the court records from the underlying case, which we are permitted to do as the probation violation is technically part of the underlying case. However, it appears that the juvenile court did not have this file in front of it in the proceedings at issue; if so, it would not have asked the nature of the underlying offense and then allowed the incorrect answer to be placed on the record. Part of the reason for the confusion could be because the juvenile court clerk's office assigns a new case number to probation violations which arise out of traffic cases rather than opening the violation under the prior case number as it does for delinquency cases.
 {¶ 16} A court has various dispositional options involving a juvenile traffic offender. See former R.C. 2151.356, current R.C. 2152.21. These options include: a fine and costs, suspension or revocation of a driver's license, probation, or restitution (or five days in a detention home if the offense is operating a vehicle while under the influence of alcohol). R.C. 2151.356 (A)(1)-(6). Lett cites R.C. 2951.09 for his proposition that the court can only impose a sentence that was originally available. Yet, R.C. 2151.356 (A)(7), provides that after making a disposition under divisions (A)(1) through (6), if the court finds upon a further hearing that the child failed to comply with the prior order and the child's operation of a vehicle is a danger to the child and others, the court may make a disposition authorized by certain sections of former R.C. 2151.355 (current R.C. 2152.19), which is entitled, "Additional disposition orders for delinquent children." (Emphasis added.) In any event, the core statute of R.C. 2151.356(A)(7) explicitly states that the child who violated the prior order may not be placed in a secure correctional facility and that placement in a detention home may not exceed twenty-four hours.
 {¶ 17} Thus, if Lett violated probation previously imposed for a juvenile traffic offense, the court was not permitted to sentence him to ninety days in a detention home. By imposing such a sentence on Lett, the court erased ninety days of potential credit for time served which would shorten his commitment to ODYS on other offenses.
 {¶ 18} As such, upon remand for new probation revocation proceedings, the court may not enter a dispositional order sentencing Lett to ninety days in detention for violating probation previously imposed if such probation was merely for a traffic violation. If the court finds a probation violation after compliance with Juv.R. 35(B), the court must examine the statutory dispositional options to determine the appropriate sanction.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 19} Appellant's final assignment of error, which ties in with the prior assignment, contends:
 {¶ 20} "THE JUVENILE COURT ERRED WHEN IT FAILED TO STATE THE TOTAL NUMBER OF DAYS MICHAEL LETT WAS HELD IN DETENTION PURSUANT TO R.C. 2151.355."
 {¶ 21} Lett states that the court violated former R.C.2151.355(F)(6) by failing to correctly state the total number of days he was held in commitment in connection with the complaint upon which the commitment was based. See current R.C. 2152.18(B). In support, Lett reiterates his prior arguments concerning the ninety days that were not awarded to him as credit for time served.
 {¶ 22} First, this assignment of error is basically consumed by our resolution of the prior assignment of error, and the premise behind it will be resolved on remand. Second, we should note sua sponte that the state, defense attorney, the director of the detention center, and the magistrate all stated on the record that Lett served one hundred forty days pre-disposition. Yet, the judgment entry subsequently only stated one hundred thirty-eight. Rather than specifically finding error in this, we shall merely make the court aware of this discrepancy on remand at which time it can be corrected or explained. Third, we note the state's general argument that credit is only to be given for time served in connection with crimes for which the child is being sentenced. We cannot tell the dates of commitment from the record before us, but it appears that he was not committed until after the complaint in 00JA2201 was filed. The complaint in 00JA1920, the probation violation, was filed prior to 00JA2201. Hence, it appears that all time served was in connection with 00JA2201. With regards to this case number, the only items to be altered on remand is the credit for time served, which may necessarily change when the court makes a statutorily valid dispositional order concerning the probation violation.
 {¶ 23} For all of the foregoing reasons, the judgment of the trial court is hereby reversed and the case is remanded for further proceedings according to law and consistent with this court's opinion. Specifically, a new probation violation hearing shall be held where the court shall comply with Juv.R. 35, determine the underlying offense, and make a proper disposition for the probation violation. Then, the court shall recompute the credit for time served on the offenses for which sentence was imposed in ODYS. It is so ordered.
Donofrio, J., concurs.
DeGenaro, J., concurs.
[1] Lett states that if the underlying crime was unruliness, then the court had no power to commit him to juvenile detention. R.C. 2151.354(A).
He also states that if the underlying crime involved delinquency, then the court still could not commit him to juvenile detention because juvenile detention is only available for pre-dispositional commitment and that post-dispositional commitment is to be served in the custody of ODYS.R.C. 2151.355(A)(3); 2151.34; 2151.65; S.B. 179 (compared to original bill); H.B. 400 (legislative history). Yet, if the underlying crime was a delinquency, credit for time served in juvenile detention would be a harmless post-disposition commitment if the court was permitted to sentence to ODYS, as it did for the other crimes.