OPINION
{Para; 1} This timely expedited appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Marquesha Shine, a minor, appeals the decision of the Mahoning County Court of Common Pleas, Juvenile Division, imposing her previously suspended sentences. Because the trial court failed to give Marquesha adequate notice prior to imposing a previously suspended sentence, this case must be reversed and remanded for further proceedings.
 Facts {Para; 2} This case originated when Marquesha's mother, Dorina Shine, nka Saunders, filed a complaint alleging that Marquesha committed the act of unauthorized use of a vehicle in violation of R.C. 2913.03 after Marquesha stole her car. At the same time, another complaint was filed against Marquesha by the Youngstown Police Department alleging felonious assault in violation of R.C. 2903.11 after Marquesha drove the car into another vehicle.
{Para; 3} The case came on for a hearing and, following Marquesha's plea of denial, Attorney LaCivita was appointed as Marquesha's counsel. A pre-trial was held, but the matter was reset so that a guardian ad litem could be appointed for Marquesha. During the pendency of that action, Marquesha remained in custody at the Court's detention facility for her own safety and the safety of the community. The case was again continued at the request of the newly appointed GAL.
{Para; 4} As the case proceeded, Marquesha was appointed a new GAL after her original guardian was dismissed. Marquesha was again ordered to remain in the detention facility. On February 21, 2006, Marquesha appeared with counsel and the GAL and entered pleas of admission against the two counts against her. Marquesha was determined to be delinquent. Both the court and the GAL recommended that Marquesha be returned to the custody of her mother.
{Para; 5} Marquesha was then sentenced in Case No. 05 JA 1074 to serve a 90 day commitment to the Ohio Department of Youth Services which was to be suspended and held in abeyance. She was given credit for 78 days served. In Case No. 05 JA 1075, Marquesha was ordered to serve a minimum six month commitment to the Ohio Department of Youth Services and a maximum not to exceed her 21st birthday, which was also suspended and held in abeyance. Marquesha was further ordered to submit to a DNA specimen collection procedure. Finally, Marquesha was placed on probation with the court. In its judgment entry of March 29, 2006, the Juvenile Court stated that the terms and conditions of probation were reviewed with Marquesha and that these terms and conditions were attached. The court failed to locate those terms in the file, however.
{Para; 6} On the same day that the Juvenile Court signed that order, Marquesha was brought into court again. This time Marquesha was facing complaints filed in Case No. 06 JA 385 for the alleged act of assault in violation of R.C. 2903.13, a felony of the fifth degree, and in Case No. 06 JA 279 for the alleged act of escape in violation of R.C. 2921.34, a felony of the third degree, and an alleged act of aggravated menacing in violation of R.C. 2903.21, a misdemeanor of the first degree. Marquesha entered a plea of denial and the court rescheduled the case to be heard along with Case Nos. 05 JA 1074 and 1075. Marquesha was placed back into custody. The court noted that Marquesha's mother refused to make application for court appointed counsel. This entry was mailed to Marquesha, her mother, the prosecutor, the detention center, Attorney LaCivita, and Marquesha's probation officer. It was not sent to her GAL.
{Para; 7} On April 5, 2006, the Juvenile Court conducted a hearing where Marquesha was present with her counsel, along with both of her parents, the prosecutor, her probation officer, and a victim-witness coordinator. Marquesha did not have a GAL present at the hearing.
{Para; 8} During the hearing, Dorina moved to represent Marquesha as her counsel. The court inquired whether she was licensed to practice law. When Dorina responded in the negative, the court denied her request. Dorina moved for a continuance to secure new counsel for herself, which was granted, and then the prosecutor and Marquesha's counsel moved the court to appoint a new GAL to represent Marquesha which was also granted. At the end of the hearing, the court imposed the two sentences which it earlier suspended.
 Notice of Probation Revocation {Para; 9} As her first of four assignments of error, Marquesha claims:
{Para; 10} "The trial court violated Marquesha Shine's right to notice and to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section 16 of the Ohio Constitution, and Juvenile Rule 35, when it failed to follow the probation revocation procedure."
{Para; 11} Juv.R. 35 (B) provides:
{Para; 12} "The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv.R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv.R. 34(C), been notified."
{Para; 13} Here, Marquesha is claiming that her right to due process was violated when the court failed to notify her upon what grounds her probation was being revoked or why her suspended sentences were being imposed. Although the Juvenile Court did notify her in its March 30th judgment entry that Case Nos. 06 JA 385 and 06 JA 279 would be heard along with the two previous cases, Case Nos. 05 JA 1074 and 1075. The court also stated in that entry that "Subject child is reminded of prior commitment to Ohio Department of Youth Services in Case No. 05 JA 1075 on February 21, 2006."
{Para; 14} At the hearing, the Juvenile Court granted a continuance on the two new charges that were filed against Marquesha but said the following with regards to the prior two cases:
{Para; 15} "As I review Marquesha's file, I note that Case Nos. 2005 JA 1074 and 1075, there are suspended DYS commitments. I hereby find Marquesha Shine not amenable to the perimeters set forth by juvenile court for her control or for her correction nor for her rehabilitation and hereby imposes commitment in Case No. 05 JA 1074, felonious assault, I'm sorry — 05 JA 1075, Aggravated Assault Ohio Revised Code 2903.12, a felony of the fourth degree violation, and hereby imposes that commitment, and ordering that you be brought to the Department of Youth Services."
{Para; 16} Notably, the trial court did not explain why Marquesha was not amenable to probation and as Marquesha points out in her brief, she has merely been accused of new charges. They have yet to be adjudicated. Moreover, there is no allegation that Marquesha has violated a term of probation, let alone which term of probation that may have been violated.
{Para; 17} This court held in In re Royal (1999), 132 Ohio App.3d 496,725 N.E.2d 685: {Para; 18} "Although both parties present supporting authority as to whether a juvenile is afforded the same formal constitutional protections as an adult, we need not decide the issue in order to sustain appellant's assignment of error because the record fails to show that the juvenile court complied with even the minimally required procedures specified in Juv.R. 35(B). In neither the transcript of the dispositional hearing, the docket, nor the judgment entry of disposition is a probation violation mentioned, nor does the court inform appellant of the condition of probation that he is alleged to have violated. Nor does the court make a finding that appellant violated a probation condition. We agree with In re Edwards that the court commits error in failing to comply with Juv.R. 35(B) when it does not follow these requirements. (1996), 117 Ohio App.3d 108, 112,690 N.E.2d 22, 24-25." Id. at 507-508.
{Para; 19} In In re Mulholland (Apr. 30 2002), 7th Dist, No. 01-C.A.-108, this court similarly reversed the imposition of a previously suspended sentence. This court explained that there was no evidence that the juvenile was properly notified that he was being prosecuted for a probation violation in a previous case and no evidence that he waived his right to counsel during those proceedings. This court held that both of those rights are established by Juv.R. 35(B), citing to its decision in Royal.
{Para; 20} However, the State would argue otherwise citing the holding of In re Kash 12 Dist. No. CA200-06-057. The State cites toKash for the proposition that courts are not required to hold a separate hearing to determine whether a term of probation was violated and that courts are similarly not required to inform a juvenile that a suspended sentence may be reimposed if a violation is committed. Kash's holding is inapposite to this case however, as the juvenile in Kash was at the very least notified at a dispositional hearing that there had been a violation and what that violation was. Moreover, the appellant was given an opportunity in that case to discuss the merits of the allegation that a violation had been committed.
{Para; 21} Here, Marquesha was brought into court on a totally different matter and simply had her suspended sentence reimposed without any warning or notice. The State argues that the law of the state of Ohio requires no more notice than this when a suspended sentence is involved. Notably, in Royal, this court made it clear that, while it agreed that a juvenile court may impose a previously suspended commitment under R.C. 2151.355(A)(22) as a further disposition when it is proper and consistent with the purposes of the Juvenile Rules, the court must nonetheless comply with Juv.R. 35(B) before doing so to give the minor notice as to why a previously suspended commitment is ordered reinstituted.
{Para; 22} The trial court erred in this case by not giving Marquesha any notice that her previously suspended sentence would be reimposed and more importantly for not informing her upon what basis it would be reimposed. Accordingly, Marquesha's first assignment of error is meritorious. Appointment of Guardian Ad Litem
{Para; 23} As her second assignment of error, Shine claims:
{Para; 24} "The trial court committed reversible error when it failed to appoint a guardian ad litem for Marqueesha Shine in violation of Ohio Revised Code Section 2151.281(A) and Juvenile Rule 4(B)."
{Para; 25} Although this assignment of error is arguably moot by our resolution of the first assignment of error, this error could be duplicated on remand. Notably, Shine was appointed a GAL for the initial charges and was also appointed a GAL at the disputed hearing to represent her on the new charges. For some reason, the GAL from Case Nos. 05 JA 1074 and 1075 was not notified of the pre-trial for the new allegations. Most likely this was an oversight as the hearing was the start of a new case and had new case numbers. On remand, the court should notify the appointed GAL of any further proceedings on the initial matter. Ineffective Assistance of Counsel
{Para; 26} As her third assignment of error, Marquesha states:
{Para; 27} "Marquesha Shine was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution."
{Para; 28} In Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, the United States Supreme Court established the process for evaluating a claim of ineffective assistance of counsel. The court held that an appellant must first show that his counsel's performance was deficient. Id. at 687. An appellant demonstrates this by "showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment." Id. Second, the appellant must show that his counsel's deficient performance prejudiced him to the effect that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
{Para; 29} In State v. Lytle (1976), 48 Ohio St.2d 391,358 N.E.2d 623, the Ohio Supreme Court held that:
{Para; 30} "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant'sSixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." Id. at 396-397.
{Para; 31} The burden of proof is placed upon the appellant to prove ineffective assistance of counsel, "since in Ohio a properly licensed attorney is presumably competent." Id. at 397, citing Vaughn v.Maxwell (1965), 2 Ohio St.2d 299, 209 N.E.2d 164. A defendant is not entitled to the best or most brilliant counsel available, but rather, counsel whose decisions fall within the wide range of reasonable professional assistance. State v. Baker, 7th Dist. No. 03-CO-24,2003-Ohio-7008.
{Para; 32} Here, Marquesha claims that counsel was ineffective for failing to raise the fact that the trial court was not following the mandates of Juv.R. 35. However, it would be impossible for this court to determine whether Marquesha was actually prejudiced by that failure. More specifically, if counsel were to have brought this issue up during the hearing, the trial court could have rescheduled the hearing after giving Marquesha proper notice. If it turned out that Marquesha had violated the terms or conditions of her probation, then her sentence would still be imposed. Given the fact that this court does not have enough information to determine whether or not the outcome of the hearing would have been different had her counsel objected, this court probably can not say that she was prejudiced by counsel's actions. Accordingly, this assignment of error is meritless.
{Para; 33} As her fourth and final assignment of error, Marquesha claims:
{Para; 34} "The trial court violated Marqueesha Shine's right to due process by failing to grant a continuance in violation of Juv.R. 23, theFifth and Fourteenth Amendments to the United States Constitution, and Article I, Section 16 of the Ohio Constitution."
{Para; 35} Marquesha acknowledges that the trial court properly granted a continuance for Case Nos. 06 JA 279, 06 JA 385, and 06 JA 274. However, Marquesha claims that the trial court failed to grant a continuance in Case Nos. 05 JA 1074 and 1075. This assignment of error has been rendered moot by our resolution of the previous assignments of error.
{Para; 36} Accordingly, the judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings.
Donofrio, P.J., concurs.
Waite, J., concurs.