{¶ 38} For the reasons that follow, I agree with the sound and well-reasoned decision of the trial court and would affirm. Based upon the lease and the stipulated facts in this case, appellee was entitled to judgment on the pleadings declaring that under the parties' lease, appellant was not entitled to copies of the subleases. *Page 11 
 {¶ 39} The grounds urged by the majority in support of its reversal of the trial court's decision are two-fold: (1) the lease expired while the case was pending, and (2) the parties failed to file Exhibit B of the lease. For these reasons the majority holds its opinion would be advisory only so this "case should have been dismissed in the trial court." However, neither of these purported grounds justifies the dismissal of this case.
 {¶ 40} First, the majority holds the parties' failure to include "a renewal document" concerning the lease resulted in its expiration while this case was pending in the trial court. However, this is contradicted by the express terms of the lease and the parties' judicial admissions. Under the lease its first term was 25 years, from October 3, 1980 to June 1, 2005, and was called "the primary term." "Thereafter, * * * Lessee [had] the right * * * to extend this Lease for ten (10) consecutive extended terms of five (5) years each (herein called the Extended terms) * * *. Lessee may exercise each such option to extend this Lease by giving written notice to Lessor at least 120 days prior to the end of the then term of the Lease. The giving of such notice shall automatically extend this Lease for an Extended Term and no instrument of renewal need be executed * * *."
 {¶ 41} The majority holds that the original term of the lease would expire on June 1, 2005, and that the complaint was filed while that original term was still in effect. It further holds that appellant admitted in its answer and counterclaim that "[s]ince June 1, 2005 the First Extended Term under the lease [for five years until June 1, 2010] became fully operative." The majority also holds that appellee admitted in its reply to appellant's counterclaim that "the First Extended Term under the Lease began on June 1, 2005." *Page 12 
The majority holds: "Thus, the parties stipulated that the lease agreement was extended under the terms of the 1980 lease."
 {¶ 42} The Supreme Court of Ohio has held that a statement of fact by a party in his pleading is a judicial admission that the fact exists as stated, and, as such, is admissible against him in favor of his adversary. Gerrick v. Gorsuch (1961), 172 Ohio St. 417, 419. To operate as a judicial admission, an allegation in a pleading must be an unequivocal allegation of a material fact. Faxon Hills Constr. Co. v.United Brotherhood of Carpenters (1958), 168 Ohio St. 8, paragraph one of the syllabus.
 {¶ 43} Because the parties admitted in their respective pleadings that "[s]ince June 1, 2005, the "First Extended Term under the lease became fully operative" (according to appellant) and that "the First Extended Term under the lease began on June 1, 2005 (according to appellee), the parties judicially admitted that they extended the lease to June 1, 2010. Further, the lease itself provides that "no instrument of renewal need be executed." Thus, contrary to the majority's holding, no "renewal document" was necessary to extend the lease, and it has been in effect at all relevant times.
 {¶ 44} Despite the parties' mutual judicial admissions concerning the five-year extension of the lease, the majority holds that "pursuant to their correspondence of April 19, [2005,] where alleging breach [sic], they had at that point an opportunity to not renew or cancel their contract. As those clauses are not before us, any opinion would be considered advisory." Such opportunity, of course, became moot once the parties agreed to extend the lease, as they admitted in their respective pleadings they had done. Because both parties judicially admitted that the lease was extended as of June *Page 13 
1, 2005 for five years, there is no basis for the majority's holding that the lease had expired. The lease was and is properly before the trial court as well as this court.
 {¶ 45} The majority next holds that because the lease attached to the pleadings did not include Exhibit B, it cannot render an opinion on the matter. The majority states that this exhibit contained "the very clauses necessary to adjudicate this matter;" however, it does not say what those clauses were or even related to. Appellant argued below that under this exhibit during any extended term of the lease, it was entitled to receive additional rent based on a percentage of the gross sales of the lessee or any occupant of the demised premises. It thus argued it was entitled to copies of the subleases to verify the amount of rent to which it was entitled. Contrary to the majority's holding, the parties did not ask the trial court to construe Exhibit B; they asked it to interpret Paragraph 18, entitled "Assignment and Subletting."
 {¶ 46} While appellant referred to Exhibit B in its opposition to appellee's motion for judgment on the pleadings, appellant failed to put this exhibit in the record. The appellant has the burden of providing a record which exemplifies the claimed error. In re Edwards (1996),117 Ohio App.3d 108, 111. As a result of appellant's failure to submit this exhibit, appellant waived any error resulting from its absence in the record. State v. Tyler (1990), 50 Ohio St.3d 24, 41-42.
 {¶ 47} We note that appellee conceded in its opposition to appellant's cross motion for judgment on the pleadings the effect of Exhibit B, as argued by appellant. The issue was therefore before the court, and it must be presumed the court considered the effect of Exhibit B on appellant's alleged right to receive copies of the subleases. An appellate court will not reverse a judgment on the basis of any error that is harmless. *Page 14 
Civ.R. 61. In a civil case a harmless error is one that does not affect the substantial rights of the parties. Id.; see, also, Leichtamer v.American Motors Corp. (1981), 67 Ohio St.2d 456, 475. Based upon a complete review of the record, any error on the part of the trial court in not reviewing Exhibit B was harmless.
 {¶ 48} The parties submitted all parts of the lease they believed were relevant to their respective claims. It is therefore inappropriate for the majority to hold, as it does, that because one exhibit to the lease was not filed in this case, this court cannot declare the rights and obligations of the parties under the lease. It is up to the parties and not this court to determine the component parts of the lease. Based upon the lease provisions submitted by the parties, they entered a legally-binding contract and this court's proper function is to declare the rights and liabilities of the parties under the provisions of the lease submitted to us.
 {¶ 49} The majority's holding today does great damage to the well-established law of contracts in Ohio. When parties enter a binding contract, they should expect that courts will enforce its provisions. The parties admitted they extended the lease according to its provisions, and they made no provision in the lease or the new extended lease for appellant to receive copies of the subleases. In reversing the trial court's decision, the majority refuses to enforce the clear and unambiguous provisions of the lease. In view of the foregoing, I respectfully dissent. *Page 1