[Cite as *State v. Sludder*, 2012-Ohio-4014.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,          CASE NO. 1-11-69

    v.

THEODORE E. SLUDDER, JR.,        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2011 0154

**Judgment Affirmed**

Date of Decision: September 4, 2012

APPEARANCES:

    *Michael J. Short* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Theodore E. Sludder, Jr., appeals the Allen County Court of Common Pleas' judgment entry of sentence. We affirm.

{¶2} On or about March 19-21, 2011, Sludder broke into a building at 4181 Elida Rd., Lima, Allen County, Ohio and stole furniture valued at $4,719.95. (Oct. 31, 2011 Tr. at 65-67, 77-78, 144-147).

{¶3} On May 12, 2011, the Allen County Grand Jury indicted Sludder on Count One of Breaking and Entering in violation of R.C. 2911.13(A), a fifth degree felony, and Count Two of Theft in violation of R.C. 2913.02(A)(1), a fifth degree felony. (Doc. No. 1).

{¶4} On May 18, 2011, Sludder appeared for arraignment entered a plea of not guilty. (Nov. 2, 2011 JE, Doc. No. 134).

{¶5} The matter proceeded to a jury trial on October 31, 2011, and the jury found Sludder guilty on both counts. (Doc. Nos. 129-130). The trial court thereafter sentenced Sludder to one year imprisonment on Count One and one year imprisonment on Count Two. (Nov. 2, 2011 JE, Doc. No. 134). The trial court further ordered that the term imposed in Count One be served concurrently to the term imposed in Count Two, but the aggregate term be served consecutive to any parole violation. (*Id.*).

{¶6} On November 29, 2011, Sludder filed a notice of appeal. (Doc. No. 137).  Sludder now appeals raising one assignment of error for our review.

**Assignment of Error**

**The trial court erred when it imposed sentences on both charges for which the defendant was convicted as these were allied offenses of similar import.**

{¶7} In his sole assignment of error, Sludder argues that the trial court erred by sentencing him on both counts since the offenses were allied offenses.

{¶8} Whether offenses are allied offenses of similar import presents a question of law we review de novo. *State v. Stall*, 3d Dist. No. 3-10-12, 2011-Ohio-5733, ¶ 15.   R.C. 2941.25, Ohio's multiple-count statute, provides in relevant part:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, * * * and the defendant may be convicted of all of them.

{¶9} Whether offenses are allied offenses under R.C. 2941.25 is a two-part inquiry. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, ¶ 47-51. First, the court must determine "whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit the one without committing the other." *Id*. at ¶ 48, citing *State v. Blankenship*, 38 Ohio St.3d 116, 119 (1988). This first inquiry does not require the court to engage in hypothetical or abstract comparison of the offenses at issue. *Id*. at ¶ 47. Rather, "[i]f the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import." *Id*. at ¶ 48.

{¶10} If the court answers the first inquiry in the affirmative; then second, the court must determine "whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Id*. at ¶ 49, citing *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 50 (Lanzinger, J., dissenting). If the court answers both the first and second questions affirmatively, then the offenses are allied offenses of similar import and will be merged. *Id*. at ¶ 50.

{¶11} However, "if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense,"

then the offenses will not merge. *Id.* at ¶ 51, citing R.C. 2941.25(B). As used in R.C. 2941.25(B), "animus" means "purpose or, more properly, immediate motive." *State v. Logan*, 60 Ohio St.2d 126, 131 (1979).

{¶12} Sludder was convicted of breaking and entering under R.C. 2911.13(A) and theft under R.C. 2913.02(A)(1). To be convicted of breaking and entering, the State was required to prove that Sludder, "by force, stealth, or deception," trespassed in an unoccupied structure "with purpose to commit therein any theft offense * * * or any felony." R.C. 2911.13(A). To be convicted of theft, the State was required to prove that Sludder, "with purpose to deprive the owner of property," "knowingly obtain[ed] or exert[ed] control" over the property "[w]ithout the consent of the owner or person authorized to give consent." R.C. 2913.02(A)(1).

{¶13} Sludder argues that the trial court erred by determining that he committed the offenses with a separate animus since he broke into the building to steal the furniture. The trial court stated the following during sentencing concerning whether the offenses were allied: "[t]he Court further finds that these are not allied offenses of similar import. They're two separate annexes [sic] in this instance. And that they do not merge or [sic] not allied offenses of similar import." (Oct. 31, 2011 Tr. at 351). Given the typographical error in the transcript, it is unclear whether the trial court determined that the offenses were

not allied offenses since the offenses cannot be committed with the same conduct, or whether Sludder committed the offenses with a separate animus. Sludder argues that the word "annexes" in the transcript should read "animus"; however, the word could just as easily have been "offenses," giving a completely different meaning to the trial court's ruling.

**{¶14}** Regardless of the trial court's reasoning, this Court has already determined that theft in violation of R.C. 2913.02(A)(1) and breaking and entering in violation of R.C. 2911.13(A) are not allied offenses of similar import since the two offenses cannot be committed with the same conduct. *State v. Brewer*, 3d Dist. No. 16-11-13, 2012-Ohio-3899, ¶ 45, citing *State v. Ayers*, 12th Dist. Nos. CA2010-12-119, CA2010-12-120, 2011-Ohio-4719, ¶ 34, citing *Johnson*, 2010-Ohio-6314, at ¶ 51. Once Sludder forced his way into the building with the purpose to steal the furniture, the breaking and entering offense was complete. The theft offense was completed *after* Sludder had already committed the breaking and entering offense, when he took control of the furniture with the purpose to deprive the owner of the furniture without owner's consent. "Because one offense was complete before the other offense occurred, the two offenses were committed separately for purposes of R.C. 2941.25(B), notwithstanding their proximity in time and that one was committed in order to commit the other." *State v. Turner*, 2nd Dist. No. 24421, 2011-Ohio-6714, ¶ 24. *See also State v. Fraizer*, 58 Ohio

St.2d 253, 255-256 (1979); *State v. Talley*, 18 Ohio St.3d 152, 156 (1985). To conclude otherwise would encourage those who break into buildings to steal to proceed with the theft since the offenses would merge for purposes of conviction and sentence. The law ought to encourage criminals to stop their course of criminal conduct and to demand punishment for their further criminal acts.

{¶15} Sludder's assignment of error is, therefore, overruled.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and ROGERS, J., concur.**

**/jlr**