[Cite as *State v. Adkins*, 2014-Ohio-1237.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 100107 and 100108

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# EDWARD ADKINS

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeals from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-572134-A and CR-13-575187-A

**BEFORE:** Stewart, J., Boyle, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** March 27, 2014

**ATTORNEY FOR APPELLANT**

John A. Powers
The Powers Law Firm, L.L.C.
700 W. St. Clair Avenue, Suite 214
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Milko Cecez
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} In CR-13-575187-A, defendant-appellant Edward Adkins pleaded guilty to one count of theft and no contest to one count of breaking and entering.[1] The court found him guilty on both charges. Taking note that Adkins had "122 arrest cycles" dating back to 1980 and had been sent to prison 14 different times, the court ordered him, over objection, to serve the sentences for those counts consecutively. Adkins complains on appeal that the court committed plain error by failing to consider whether any of the counts were allied offenses of similar import that should have merged.

{¶2} Adkins cites to our holding in *State v. Rogers*, 2013-Ohio-3235, 994 N.E.2d 499 (8th Dist.), *conflict certified*, 136 Ohio St.3d 1508, 2013-Ohio-4657, 995 N.E.2d 1212, as authority for the proposition that a trial judge commits plain error by failing to inquire whether multiple offenses are allied before sentencing a defendant who pleads guilty to multiple counts, when there is a facial question of whether those counts might be allied offenses of similar import under R.C. 2941.25.

{¶3} *Rogers*, however, does not apply to this appeal. Crucial to the holding in *Rogers* was that even in a case where the defendant pleaded guilty and did not raise the issue of allied offenses, the trial judge nonetheless committed plain error by failing to ensure that any sentence imposed did not include separate terms for offenses that were

---

[1] At the same time, Adkins entered guilty pleas in CR-13-572134-A to two counts of theft. Those counts are not at issue in this appeal.

allied and potentially subject to merger. *Id*. at ¶ 19. ("The record before us reveals that no discussion took place in the trial court about merger of the counts in either of the underlying cases.") In this case, the allied offenses issue was raised in detail by the state at sentencing. *See* tr. 42. ("I do want to also point out for the Court that these crimes are not allied offenses, breaking and entering, as well as the thefts.") Adkins remained silent and did not counter the state's argument on allied offenses, so the court's refusal to merge the counts for sentencing must be viewed as an implicit rejection of any contention that sentences should merge. So unlike *Rogers* where the issue of allied offenses was not raised at all, the issue of offenses merging was raised below so this court reviews for simple error, not plain error.

{¶4} This conclusion leads to the second reason why *Rogers* is inapplicable: *Rogers* stressed that there must be a "facial question" that offenses are allied and should merge for sentencing. *See State v. Rembert*, 8th Dist. Cuyahoga No. 99707, 2014-Ohio-300, ¶ 47. The two offenses at issue — theft and breaking and entering — have long been considered to be nonallied offenses. Under the test set forth in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, we will conclude that multiple offenses are allied and should merge for sentencing "if the defendant's conduct is such that a single act could lead to the commission of separately defined offenses, but those separate offenses were committed with a state of mind to commit only one act." *State v. Thompson*, 8th Dist. Cuyahoga No. 99628, 2014-Ohio-202, ¶ 18.

{¶5} The court found Adkins guilty of breaking and entering in violation of R.C. 2911.13(B). That section states: "[n]o person shall trespass on the land or premises of another, with purpose to commit a felony." In cases addressing breaking and entering under R.C. 2911.13(A) (trespass into an occupied structure with the intent to commit a felony), we have held that the offense is complete upon entry into an unoccupied structure, so any subsequent theft offense is the result of conduct different from that involved in the breaking and entering. *See State v. Ballard*, 8th Dist. Cuyahoga No. 98355, 2013-Ohio-373, ¶ 13-14. *See also State v. Sludder*, 3d Dist. Allen No. 1-11-69, 2012-Ohio-4014, ¶ 14. That rationale applies with equal force to breaking and entering under R.C. 2911.13(B) as charged in this case — the crime is complete upon trespass onto the land or premises of another and the theft offense was the result of conduct different from breaking and entering. It follows that the offenses of breaking and entering and theft did not present a facial issue of merger.

{¶6} The preceding paragraph necessarily disposes of Adkins's final argument — that the court erred by refusing to merge the breaking and entering offense with the theft offense. Not only are the two offenses nonallied as a matter of law, but Adkins offers no facts from which we could conclude otherwise. Having raised the issue of merger below, Adkins cannot prevail on appeal unless he provides an adequate record exemplifying his claimed error. App.R. 16(A)(7); *In re Edwards*, 117 Ohio App.3d 108, 111, 690 N.E.2d 22 (8th Dist.1996). The record on appeal contains no facts to show why this case is any different from those cases in which we found that the offenses of breaking

and entering and theft do not merge. With the absence of any facts, we have no choice but to conclude that the court did not err by refusing to merge the sentences. The assignments of error are overruled.

{¶7} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, JUDGE

MARY J. BOYLE, A.J., CONCURS;
KATHLEEN ANN KEOUGH, J., CONCURS
IN JUDGMENT ONLY