[Cite as *State v. Lemmons*, 2011-Ohio-3322.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10-CA-48 |
| MARK D. LEMMONS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of
Common Pleas Case No. 10-CR-I-04-220

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     June 29, 2011

APPEARANCES:

For Plaintiff-Appellee:     For Defendant-Appellant:

CAROL O'BRIEN 0056290     WILLIAM T. CRAMER 0068611
Delaware County Prosecutor     470 Olde Worthington Road, Ste. 200
140 N. Sandusky St.     Westerville, Ohio 43082
Delaware, Ohio 43015

*Delaney, J.*

{¶1}   Defendant-Appellant, Mark Lemmons, appeals from the judgment of the Delaware County Court of Common Pleas, convicting him of one count of rape by force or threat in violation of R.C. 2907.02(A)(2), two counts of aggravated burglary for attempting physical harm and using a deadly weapon in violation of R.C. 2911.11(A)(1)&(2), two counts of kidnapping with sexual motivation specifications in violation of R.C. 2905.01(A)(3)&(4), and one count of misdemeanor menacing by stalking in violation of R.C. 2903.211(A)(1).  The State of Ohio is Plaintiff-Appellee.

{¶2}   The facts underlying this appeal are as follow:

{¶3}   Appellant is the estranged boyfriend of the victim, A.M.  In the early morning hours of Thanksgiving Day, November 26, 2009, Appellant broke into the victim's home.  Appellant claimed to have only been in the victim's home for approximately ten minutes before she arrived.  When the victim arrived home at approximately 5:30 a.m., she did not observe Appellant's car in her driveway, where he would typically park it if he was at her house.

{¶4}   When A.M. entered her house, she found Appellant hiding in the kitchen brandishing two knives.  He threatened the victim with both knives and told her to drop her phone.  He then made A.M. move into the living room, where he again threatened her with knives.

{¶5}   He then moved A.M. from the living room into the bedroom, at knifepoint, where he made her model underwear.  He then made her perform oral sex before he raped her.

{¶6} Appellant left A.M.'s home at approximately 9:00 a.m. The victim immediately called her mother, who came over and called the police. The police arrived approximately two minutes later.

{¶7} Appellant was arrested and initially refused to talk to the police but then changed his mind and asked to speak with an officer. He told the officer that he was not trying to harm anyone and stated that A.M.'s back door was unlocked due to previous damage to the door. He claimed that he had consensual sex with the victim.

{¶8} Phone calls from Appellant to his father while Appellant was in jail disclosed that Appellant told his father, "I f***ed up all of it. It's mine. I provoked it. Some of it's true." Appellant admitted to his dad that he was drunk, he had an argument with A.M., and that he kicked in both her front and back door. He also admitted that he had sex with her on November 26, however, he did not admit to raping the victim.

{¶9} Appellant was subsequently indicted on one count of rape, two counts of aggravated burglary, two counts of kidnapping, and one count of menacing by stalking.

{¶10} Appellant proceeded to trial and was convicted of all counts. He was convicted of rape by force or threat in violation of R.C. 2907.02(A)(2), two counts of aggravated burglary for attempting physical harm and using a deadly weapon in violation of R.C. 2911.11(A)(1)&(2), two counts of kidnapping with sexual motivation specifications in violation of R.C. 2905.01(A)(3)&(4) and one count of menacing by stalking in violation of R.C. 2903.211(A)(1). The court merged the aggravated burglary counts and merged the kidnapping counts together, but did not merge the rape and the kidnapping convictions for purposes of sentencing. He was sentenced to an aggregate term of twelve years in prison.

{¶11} Appellant raises two Assignments of Error:

{¶12} "I. THE TRIAL COURT VIOLATED DUE PROCESS BY RULING IN CONTRAVENTION OF EVID.R. 609(A)(2) THAT APPELLANT'S PRIOR SIMILAR CONVICTIONS WERE ADMISSIBLE TO IMPEACH HIM IF HE TESTIFIED.

{¶13} "II. THE TRIAL COURT VIOLATED DOUBLE JEOPARDY BY FAILING TO MERGE THE KIDNAPPING AND RAPE CONVICTIONS PURSUANT TO R.C. 2941.25."

## I.

{¶14} In his first assignment of error, Appellant argues that the trial court erred in failing to exclude mention of Appellant's prior convictions for attempted aggravated burglary in 1989 and failure to provide notice of change of address in 2005 and 2006.

{¶15} Appellant was placed on community control for an attempted aggravated burglary charge in 1989, he absconded from the jurisdiction of the court, and his probation was tolled and he was sentenced to prison for the crime in 1997. He was released from prison on this charge in 2001 and was subject to postrelease control after his release from prison. All three of these convictions, therefore, fall within the parameters of admissibility under Evid. R. 609(A)(2).

{¶16} Evid. R. 609, as amended in 1991, permits trial court judges, in their discretion, to exclude mention of prior convictions should the court determine that the prejudicial nature of the convictions outweighs the probative nature of the convictions. Specifically, Evid. R. 609(A)(2) provides:

{¶17} "(A) General rule

{¶18} "For the purpose of attacking the credibility of a witness:

{¶19} "(2) notwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B), evidence that the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the accused was convicted and if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

{¶20} Evid. R. 609(B) provides:

{¶21} "(B) Time limit

{¶22} "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of community control sanctions, post-release control, or probation, shock probation, parole, or shock parole imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."

{¶23} Trial courts have broad discretion in determining whether prior convictions will be admitted into testimony, pursuant to Evid.R. 609, and the extent to which such testimony will be used. *State v. Wright* (1990), 48 Ohio St.3d 5, 548 N.E.2d 923, syllabus. Based upon the consideration of all relevant factors herein and a review of the

record, we find that the trial court did not abuse its discretion in determining that Appellant's prior convictions were admissible at trial for the purposes of impeaching the Appellant. The convictions were within the time limit set forth in Evid. R. 609(B), and Appellant has presented no evidence that the admission of such prior convictions would have been more prejudicial than probative. Moreover, Appellant did not take the stand in his own defense, so any alleged error would be harmless. Crim. R. 52(A).

{¶24} Appellant's first assignment of error is overruled.

II.

{¶25} In his second assignment of error, Appellant argues that the trial court erred in failing to merge the kidnapping conviction with the rape conviction.

{¶26} Recently, in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court ruled that when determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered. (*State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, overruled.)

{¶27} In 1972, the General Assembly enacted R.C. 2941.25 in order to guide courts in the determination of offenses subject to merger. *State v. Logan* (1979), 60 Ohio St.2d 126, 131, 14 O.O.3d 373, 397 N.E.2d 1345 ("the statute has attempted to codify the judicial doctrine * * * sometimes referred to as the doctrine of merger, and other times as the doctrine of divisibility of offenses."

{¶28} R.C. 2941.25 provides:

{¶29} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶30} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶31} In *Johnson*, supra, the Supreme Court stated that they have "consistently recognized that the purpose of R.C. 2941.25 is to prevent shotgun convictions, that is, multiple findings of guilt and corresponding punishments heaped on a defendant for closely related offenses arising from the same occurrence. *Geiger*, 45 Ohio St.2d at 242, 74 O.O.2d 380, 344 N.E.2d 133. This is a broad purpose and ought not to be watered down with artificial and academic equivocation regarding the similarities of the crimes. When "in substance and effect but one offense has been committed," the defendant may be convicted of only one offense. Botta, 27 Ohio St.2d at 203, 56 O.O.2d 119, 271 N.E.2d 776." *Johnson*, supra, at ¶43.

{¶32} The court continued to state that "[g]iven the purpose and language of R.C. 2941.25, and based on the ongoing problems created by *Rance*, we hereby overrule *Rance* to the extent that it calls for a comparison of statutory elements solely in the abstract under R.C. 2941.25. When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered.

{¶33} "In overruling *Rance*, we need not apply the test of *Westfield v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, because R.C. 2941.25 is a prophylactic statute that protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions. Because there is a constitutional protection underlying the proper application of R.C. 2941.25, stare decisis does not compel us with the same force as it does in other areas of the law. See, e.g., *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 35–37." Id at ¶¶ 44-45.

{¶34} Accordingly, the new standard, as set forth in *Johnson*, appears to be the following:

{¶35} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. *Blankenship*, 38 Ohio St.3d at 119, 526 N.E.2d 816 (Whiteside, J., concurring) ("It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses can be committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses." [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

{¶36} "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e.,

"a single act, committed with a single state of mind." *Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting).

{¶37} "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." Id. at ¶¶48-50.

{¶38} "Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." Id. at ¶51.

{¶39} We find that Appellant waived the right to argue merger, specifically since trial counsel stated at sentencing, "I think the two kidnappings merged with each other, but I don't believe either would merge with the rape."

{¶40} Because appellant did not object to the lack of merger at the time of the sentencing hearing, our review of this matter would be subject to a plain error standard. Based upon the circumstances here, we find no plain error. *State v. Wade*, 10th Dist. No. 10AP-159, 2010-Ohio-6395.

{¶41} In the present case, Appellant entered the victim's home, subdued her at knife point and forced her to move from the living room of her house to the bedroom, where he proceeded to terrorize her by forcing her to model underwear for him. He then forced her to perform oral sex on him before he raped her. He had a separate animus in terrorizing the victim with the knives in the living room and in making her model underwear for him than he did for the rape. No error occurred in sentencing.

{¶42} Appellant's second assignment of error is overruled.

{¶43}  For the foregoing reasons, the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J.

Wise, P.J. and

Edwards, J. concur.

_____

HON. PATRICIA A. DELANEY

_____

HON. JOHN W. WISE

_____

HON. JULIE A. EDWARDS

[Cite as *State v. Lemmons*, 2011-Ohio-3322.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MARK D. LEMMONS | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10-CA-48 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____

HON. PATRICIA A. DELANEY

_____

HON. JOHN W. WISE

_____

HON. JULIE A. EDWARDS