[Cite as *State v. VanValkenburg*, 2012-Ohio-1213.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 11-CA-91 |
| PAUL VANVALKENBURG | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
                             Common Pleas, Case No. 11 CR 00074


JUDGMENT:                    REVERSED AND REMANDED FOR
                             RESENTENCING


DATE OF JUDGMENT ENTRY:      March 20, 2012


APPEARANCES:

For Appellant:                          For Appellee:

THOMAS S. GORDON                        KENNETH OSWALT
P.O. Box 314                            LICKING COUNTY PROSECUTOR
Pickerington, OH 43147
                                        EARL L. FROST
                                        ASST. PROSECUTING ATTORNEY
                                        20 S. Second St., 4th Floor
                                        Newark, OH 43055

*Delaney, J.*

{¶1} Defendant-appellant Paul VanValkenburg appeals the September 2, 2011 sentencing entry of the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} On February 18, 2011, appellant was indicted by the Licking County Grand Jury with breaking and entering, a fifth-degree felony in violation of R.C. 2911.13(A) and/or (B), and possession of criminal tools, a fifth-degree felony in violation of R.C. 2923.24(A)(B)(3). Appellant pled no contest to the charges on September 2, 2011. At the change of plea hearing and sentencing hearing, the State presented the facts of the State's case against appellant:

> * * *, on or about January 3rd of 2011, detectives of the Newark
>
> Police Department received a complaint about a breaking and entering
>
> which occurred at Sherman's Iron & Metal, located at 101 – 1001, rather,
>
> East Main Street, Newark, Licking County, Ohio.
>
> Upon arrival contact was made with the victim, Richard Sherman,
>
> who advised that three persons had broken into his business on January
>
> 1st, 2011, and stolen various items. Mr. Sherman recognized the three
>
> individuals from the security video surveillance system as being Ronald
>
> Lees, Betty Hottinger and Paul VanValkenburg.
>
> The aforementioned business meets the definition of an
>
> unoccupied structure as found in the Ohio Revised Code. The value of
>
> the property stolen was greater than $500. Some of the property was

sold at Legends Smelting in Newark, Licking County, Ohio as scrap metal.

The police interviewed the three aforementioned suspects, and all three admitted that together they had broken into the business and stolen the aforementioned property.  They further advised that they used a crowbar to gain entrance into and help commit the aforementioned crime.  * * *

(T. 9-10.)

{¶3}   The trial court accepted appellant's change of plea and found appellant guilty of the charges.  During the sentencing portion of the hearing, counsel for appellant stated during the pretrial it was discussed the counts might merge for sentencing.  (T. 17.)  The trial court stated Mr. Lees and Ms. Hottinger received eighteen-month sentences and the trial court did not merge the sentences, so the trial court would not merge appellant's sentences.  (T. 18.)  The record is silent as to the charges against Lees and Hottinger.  The trial court sentenced appellant to eleven months for breaking and entering and eleven months for possession of criminal tools, to be served consecutively.  (T. 18; Sept. 2, 2011 Judgment Entry.)

{¶4}   It is from this decision appellant now appeals.

### ASSIGNMENT OF ERROR

{¶5}   Appellant raises one assignment of error:

{¶6}   "I. THE TRIAL COURT ERRED BY NOT RUNNING THE APPELLANT'S SENTENCES CONCURRENTLY."

**ANALYSIS**

{¶7}   Appellant argues the charges against appellant for breaking and entering and possession of criminal tools were allied offenses of similar import, which should have merged for sentencing purposes.  We agree.

{¶8}   Breaking and entering in violation of R.C. 2911.13(A) consists of trespassing by force in an unoccupied structure with the purpose to commit a theft offense.  Possession of criminal tools in violation of R.C. 2923.24(A) requires that a person possess or have under the person's control any device or instrument with purpose to use it criminally.

{¶9}   In *State v. Johnson,* 128 Ohio St.3d 153, 2010–Ohio–6314, 942 N.E.2d 1061, the Ohio Supreme Court ruled that when determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered.  (*State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), overruled.)

{¶10} In 1972, the General Assembly enacted R.C. 2941.25 in order to guide courts in the determination of offenses subject to merger.  *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979) ("the statute has attempted to codify the judicial doctrine * * * sometimes referred to as the doctrine of merger, and other times as the doctrine of divisibility of offenses."

{¶11} R.C. 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or

information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶12} In *Johnson, supra*, the Supreme Court stated that they have "consistently recognized that the purpose of R.C. 2941.25 is to prevent shotgun convictions, that is, multiple findings of guilt and corresponding punishments heaped on a defendant for closely related offenses arising from the same occurrence. *Geiger,* 45 Ohio St.2d at 242, 344 N.E.2d 133. This is a broad purpose and ought not to be watered down with artificial and academic equivocation regarding the similarities of the crimes. When 'in substance and effect but one offense has been committed,' the defendant may be convicted of only one offense. *Botta*, 27 Ohio St.2d at 203, 271 N.E.2d 776." *Johnson, supra*, at ¶ 43.

{¶13} The court continued to state:

[g]iven the purpose and language of R.C. 2941.25, and based on the ongoing problems created by *Rance,* we hereby overrule *Rance* to the extent that it calls for a comparison of statutory elements solely in the abstract under R.C. 2941.25. When determining whether two offenses

are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered.

In overruling *Rance,* we need not apply the test of *Westfield v. Galatis,* 100 Ohio St.3d 216, 2003–Ohio–5849, 797 N.E.2d 1256, because R.C. 2941.25 is a prophylactic statute that protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions.    Because there is a constitutional protection underlying the proper application of R.C. 2941.25, stare decisis does not compel us with the same force as it does in other areas of the law.    See, e.g., *State v. Bodyke,* 126 Ohio St.3d 266, 2010–Ohio–2424, 933 N.E.2d 753, ¶ 35–37.

*Id.* at ¶¶ 44–45.

{¶14} Accordingly, the new standard as set forth in *Johnson* appears to be the following:

In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. *Blankenship,* 38 Ohio St.3d at 119, 526 N.E.2d 816 (Whiteside, J., concurring) ("It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses can be committed by the same conduct.  It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both

offenses." [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." *Brown,* 119 Ohio St.3d 447, 2008–Ohio–4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting).

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R .C. 2941.25(B), the offenses will not merge.

*Id.* at ¶ 48-51.

{¶15} At the time of sentencing, appellee did not object to the lack of merger. Counsel mentioned during the hearing that merger was discussed at pretrial. Because there was no objection, our review of this matter is subject to a plain error standard. *State v. Lemmons*, 5th Dist. No. 10-CA-48, 2011-Ohio-3322, ¶ 40. However, the Ohio Supreme Court has held that it was plain error to sentence a defendant for multiple counts that were allied offenses of similar import. *State v. Underwood*, 124 Ohio St.3d

365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31, citing *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845.

{¶16} The Ohio Supreme Court held in *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 122, that upon guilty verdicts on allied offenses, the state must elect which of the offenses it chooses to seek sentencing for, and the court must accept the state's choice and merge the crimes into a single offense for purposes of sentencing. Id. at ¶ 24.

{¶17} Applying *Johnson* to the facts of this case, we find the breaking and entry and possession of criminal tools stem from appellant's conduct of using a crow bar to enter the business to steal items.  Appellant committed both offenses through a single course of conduct and with single state of mind. Therefore, the charges are allied offenses and should have been merged. The state retains the right to elect which allied offense to pursue on resentencing.

{¶18} The assignment of error is sustained.

{¶19} We therefore reverse the sentence of the Licking County Court of Common Pleas and remand this matter to the trial court for resentencing.

By: Delaney, J.

Gwin, P.J. and

Wise, J. concur.

_____

HON. PATRICIA A. DELANEY

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

[Cite as *State v. VanValkenburg*, 2012-Ohio-1213.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| PAUL VANVALKENBURG | : | |
| | : | |
| | : | Case No. 11-CA-91 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Licking County Court of Common Pleas is reversed. The cause is remanded to the trial court for resentencing.  Costs assessed to appellee.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE