[Cite as *State v. Williams*, 2012-Ohio-4708.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-34 |
| ERNEST WILLIAMS, III. | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal appeal from the Licking County Court of Common Pleas, Case No. 11CR00446 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 9, 2012 |
| APPEARANCES: | |

For Plaintiff-Appellee               For Defendant-Appellant

CHRISTOPER REAMER               VALERIE KUNZE
Assistant Licking County Prosecutor    Assistant State Public Defender
Administration Building                250 East Broad Street, Ste. 1400
20 South Second Street                Columbus, OH 43215
Newark, OH 54055

*Gwin, P.J.*

{¶1} Appellant Ernest Williams, III ["Williams"] appeals his convictions after a bench trial of two counts of trafficking in heroin in an amount equal to or exceeding ten unit doses but less that 50 unit doses within the vicinity of a school; one count of possession of heroin in an amount equal to or exceeding ten unit doses but less that 50 unit doses and one count of tampering with evidence. The appellee is the State of Ohio.

*FACTS AND PROCEDURAL HISTORY*

{¶2} At trial, Amanda Davis, a confidential informant for the Central Ohio Drug Enforcement Task Force ["CODE"], testified that she purchased heroin from Williams on August 31 and September 6, 2011. Detective Thomas testified that Ms. Davis purchased 10 doses of heroin on August 31 and 5 doses of heroin on September 6 with marked money from CODE. After the September 6, 2011 purchase, Officer Keene stopped Williams. Keene testified that prior to making the arrest, he observed Williams toss a baggy from his right hand. Surveillance Officer Boerstler also testified that Williams "tossed the bag on the ground." T., March 13, 2012 at 54. The bag contained 28 doses of heroin. Id. at 144.

{¶3} On March 13, 2012, the court held a bench trial at which Williams represented himself. Williams was convicted on all counts. The court ordered that Williams serve 30 months on Count 1, 15 months on Count 2, 15 months on Count 3, and 12 months on Count 4 to run consecutively. Williams did not raise the issue of merger of counts two and three at the time of sentencing.[1]

*ASSIGNMENTS OF ERROR*

{¶4} Williams raises one assignment of error,

---

[1] Williams has not challenged his convictions for Counts One and Four in this appeal.

{¶5} "I. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO MERGE THE OFFENSES OF TRAFFICKING IN HEROIN AND POSSESSION OF HEROIN, CONTRARY TO R.C. 2941.25."

I.

{¶6} In his sole assignment of error Williams contends that Counts 2 and 3 are allied offenses of similar import and must be merged for sentencing. Williams argues in order to complete a drug sale, the seller must possess drugs. On September 6, 2011, Williams possessed drugs in order to sell drugs.

{¶7} Because appellant did not raise the merger issue at trial, the plain-error standard applies. See *State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, 857 N.E.2d 547, ¶ 127; Crim.R. 52(B). Plain error exists when a trial court was required to, but did not, merge a defendant's offenses because the defendant suffers prejudice by having more convictions than authorized by law. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31. A sentence that contains an allied-offenses error is contrary to law. R.C. 2953.08(A)(4). See also *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26.

{¶8} R.C. 2941.25, Multiple counts states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more

offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶9}** In *State v. Cabrales*, 118 Ohio St.3d 54, 2008–Ohio–1625, the Supreme Court of Ohio explained the following:

We begin by comparing the elements of possessing a controlled substance under R.C. 2925.11(A) and trafficking in a controlled substance under R.C. 2925.03(A)(1). To be guilty of possession under R.C. 2925.11(A), the offender must 'knowingly obtain, possess, or use a controlled substance.' To be guilty of trafficking under R.C. 2925.03(A)(1), the offender must knowingly sell or offer to sell a controlled substance. Trafficking under R.C. 2925.03(A)(1) requires an intent to sell, but the offender need not possess the controlled substance in order to offer to sell it. Conversely, possession requires no intent to sell. Therefore, possession under R.C. 2925.11(A) and trafficking under R.C. 2925.03(A)(1) are not allied offenses of similar import, because commission of one offense does not necessarily result in the commission of the other.

*Cabrales*, 118 Ohio St.3d 54, ¶ 29.

**{¶10}** In *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court revised its allied-offense jurisprudence. The *Johnson* court overruled *State v. Rance,* 85 Ohio St.3d 632, 710 N.E.2d 699(1999), "to the extent that it calls for a comparison of statutory elements solely in the abstract under R.C.

2941.25." The Court was unanimous in its judgment and the syllabus, "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered. *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, overruled.)" However, the Court could not agree on how the courts should apply that syllabus holding. The *Johnson* case lacks a majority opinion, containing instead two plurality opinions, and a separate concurrence in the judgment and syllabus only. *State v. Helms*, 7th Dist. No. 08 MA 199, 2012-Ohio-1147, ¶71 (DeGenaro, J., concurring in part and dissenting in part).

**{¶11}** Justice Brown's plurality opinion sets forth a new two-part test for determining whether offenses are allied offenses of similar import under R.C. 2941.25. The first inquiry focuses on whether it is possible to commit both offenses with the same conduct. Id. at ¶ 48, 710 N.E.2d 699. It is not necessary that the commission of one offense will *always* result in the commission of the other. Id. Rather, the question is whether it is *possible* for both offenses to be committed by the same conduct. Id.*,* quoting *State v. Blankenship*, 38 Ohio St.3d 116, 119, 526 N.E.2d 816(1988). Conversely, if the commission of one offense will *never* result in the commission of the other, the offenses will not merge. *Johnson* at ¶ 51.

**{¶12}** If it is possible to commit both offenses with the same conduct, the court must next determine whether the offenses were in fact committed by a single act, performed with a single state of mind. Id. at ¶ 49, quoting *State v. Brown,* 119 Ohio St.3d 447, 895 N.E.2d 149, 2008-Ohio-4569, ¶ 50 (Lanzinger, J., concurring in judgment only). If so, the offenses are allied offenses of similar import and must be

merged. *Johnson* at ¶ 50. On the other hand, if the offenses are committed separately or with a separate animus, the offenses will not merge. Id. at ¶ 51.

**{¶13}** Under Justice Brown's plurality opinion in *Johnson*, "the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger." Id. at ¶ 47, 942 N.E. 2d 1061. Rather, the court simply must ask whether the defendant committed the offenses by the same conduct. Id.

**{¶14}** Justice O'Connor's plurality opinion advocates that the proper inquiry under R.C. 2941.25(A) is not whether the two offenses can be committed with the same conduct, but whether the convictions "arose from the same conduct that involves similar criminal wrongs and similar resulting harm." *Johnson* at ¶ 70 (O'Connor, J., concurring in judgment.) The O'Connor plurality also notes that this determination should be aided by a review of the evidence adduced at trial. *Id.* at ¶ 68–69, 942 N.E.2d 1061. *State v. Helms*, 2012-Ohio-11467, ¶ 79.

**{¶15}** Justice O'Donnell's separate concurrence, joined by Justice Lundberg Stratton, sets forth a slightly different analysis,

> [T]he proper inquiry is not whether the elements align in the abstract as stated in *Rance* but, rather, whether the defendant's conduct, i.e., the actions and behavior of the defendant, results in the commission of two or more offenses of similar or dissimilar import or two or more offenses of the same or similar kind committed separately or with a separate animus as to each. See Black's Law Dictionary (9th Ed.2009)

336 ("conduct" defined as "[p]ersonal behavior, whether by action or inaction").

*Johnson* at ¶ 78 (O'Donnell, J., separately concurring.) *State v. Helms*, 2012-Ohio-11467, ¶ 80-81.

{¶16} As Judge DeGenaro from the Seventh District Court of Appeals has noted,

While all three opinions focus on the conduct of the defendant, there are notable distinctions between them. The Brown plurality is still somewhat hypothetical in nature. The determination of "whether it is *possible* to commit one offense and commit the other with the same conduct," still appears to require an abstract comparison. *Johnson* at ¶ 48 (emphasis added). The O'Connor plurality directs the focus of the analysis back to the evidence adduced at trial, while also leaving open the possibility for some comparison of the elements of the offenses: "*Rance,* inasmuch as it requires a comparison of the elements of the offenses *solely* in the abstract, should be overruled." *Johnson* at ¶ 68–69, 942 N.E.2d 1061 (emphasis added). Justice O'Connor also returns to the language of the statute, parsing out the meaning of several key terms: "allied offenses" and "of similar import." *Id.* at ¶ 65–68, 942 N.E.2d 1061. The O'Donnell concurrence emphasizes the importance of removing abstract comparisons from the merger analysis and shifts the focus of the test onto whether the two offenses were committed separately or with a separate animus. *Johnson* at ¶ 78–83, 942 N.E.2d 1061.

*State v. Helms*, 2012-Ohio-11467, ¶ 82 (DeGenaro, J., concurring in part and dissenting in part).

**{¶17}** R.C. 2925.11(A), provides that, "no person shall knowingly obtain, possess, or use a controlled substance."

**{¶18}** R.C. 2925.03 provides that "[n]o person shall knowingly (1) Sell or offer to sell a controlled substance."

**{¶19}** A person acts knowingly, regardless of his or her purpose, when that person is aware that his or her conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B). It is necessary to look at all the attendant facts and circumstances in order to determine if a defendant knowingly possessed a controlled substance. *State v. Teamer*, 82 Ohio St.3d 490, 492, 696 N.E.2d 1049(1998).

**{¶20}** Possession "means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Interpreting the meaning of the term "possession," Ohio courts have held possession may be actual or constructive. See *State v. Wolery*, 46 Ohio St.2d 316, 329, 348 N.E.2d 351(1976); *State v. Hankerson*, 70 Ohio St.2d 87, 90-1, 434 N.E.2d 1362; *State v. Boyd*, 63 Ohio App.3d 790, 580 N.E.2d 443(1989). To establish constructive possession, the state must prove the defendant was able to exercise dominion or control over the object, even though that object may not be within his immediate physical possession. *Boyd*, supra, at 796, 580 N.E.2d 443. Further, it must also be

shown that the person was "conscious of the presence of the object." *Hankerson*, supra, at 91, 434 N.E.2d 1362.

{¶21} In the case at bar, the September 6, 2011, counts of possession and trafficking related to separate and distinct occurrences committed with separate animuses.

{¶22} Concerning the September 6, 2011 transaction, the confidential informant ordered "five bindles" of heroin from Williams by telephone. (T. 30; 80; 107). Williams arrived at the pre-determined meeting place on foot. (T. 53). After completing the sale, Williams walked back down the alley between Woods and 10th Street and around the corner when he was observed to toss a baggie from his right hand. That baggie contained 28 unit doses of heroin. (T. at 53-54; 63-64; 66; 148; 151; 152-153). Accordingly, the September 6, 2011, counts of possession and trafficking related to separate and distinct occurrences. Williams actually "possessed" 32 unit doses of heroin from which he "sold" five of those unit doses to the undercover informant. Williams knew in advance that the confidential informant requested only five unit doses of heroin, yet he had an additional 28 unit doses in his possession.

{¶23} This is not a case where the trafficking and possession counts arouse from delivery of the same amount of drugs that was possessed by Williams. After Williams sold the five unit doses to the undercover informant, he walked away. At that point, he continued to possess an additional 28 unit doses of heroin.

{¶24} Williams' sole assignment of error is overruled, and the judgment of the Licking County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


WSG:clw 0917

[Cite as *State v. Williams*, 2012-Ohio-4708.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ERNEST WILLIAMS, III. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012-CA-34 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. SHEILA G. FARMER