[Cite as *State v. Isbell*, 2012-Ohio-6267.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No.   12CA3313 |
| vs. | : | |
| BRAD ISBELL, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Aaron M. McHenry, 14 South Paint St., Suite 1,
Chillicothe, Ohio 45601[1]

COUNSEL FOR APPELLEE:      Matthew S. Schmidt, Ross County Prosecuting Attorney,
and Richard W. Clagg, Ross County Assistant Prosecuting
Attorney, 72 North Paint Street, Chillicothe, Ohio 45601

_____

CRIMINAL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-17-12
ABELE, P.J.

{¶ 1}   This is an appeal from a Ross County Common Pleas Court judgment of conviction

and sentence.   The jury found Brad Isbell, defendant below and appellant herein, guilty of (1)

felonious assault with a repeat violent offender specification, and (2) possession of a deadly

weapon while under detention.   The trial court sentenced appellant to serve eight years in prison

for the felonious assault, in addition to two years for the specification, and ten years for the

_____

[1]Different counsel represented appellant during the trial court proceedings.

possession of a deadly weapon while under detention with the sentences to be served

consecutively.

**{¶ 2}**    In this appeal, appellant raises the following assignment of error for review:

> "THE TRIAL COURT ERRED IN SENTENCING APPELLANT
> TO MULTIPLE PUNISHMENTS, IN VIOLATION OF R.C.
> 2941.25 AND THE DOUBLE JEOPARDY CLAUSES OF THE
> UNITED STATES AND THE OHIO CONSTITUTIONS, FOR
> FELONIOUS ASSAULT WITH A DEADLY WEAPON AND
> POSSESSION OF A DEADLY WEAPON WHILE UNDER
> DETENTION BECAUSE THEY ARE ALLIED OFFENSES OF
> SIMILAR IMPORT WHEN THE CONDUCT AROSE FROM A
> SINGLE ACT WITH A SINGLE VICTIM AND A SINGLE
> ANIMUS."

**{¶ 3}**    In his sole assignment of error, appellant asserts that appellant's multiple

punishments are improper because his offenses constitute allied offenses of similar import and all

arose from a single act with a single animus.   See R.C. 2941.25.

**{¶ 4}**    Appellee first points out that appellant's trial counsel did not raise the issue in the

trial court, and although the trial court did not have the opportunity to consider the issue, the matter

may nevertheless be reviewed.   See, e.g., State v. Evans, 4th Dist. No. 10CA1, 2012-Ohio-1562.

**{¶ 5}**    Second, appellee cites the two part merger test set forth in State v . Johnson, 128

Ohio St.3d 153, 2010-Ohio-6314, N.E.2d 1061 and notes that the second part of the Johnson test

requires an examination of the defendant's specific conduct.   This examination, appellee

forthrightly acknowledges, was not performed during the sentencing proceeding.   Consequently,

appellee requests this court to remand this matter for resentencing so that the trial court, who did

have the opportunity to listen to the witnesses and evidence at trial, have the opportunity to apply

Johnson and consider the merger issue.

{¶ 6}   Accordingly, based upon the foregoing reasons, we hereby reverse the trial court's judgment of sentence and remand this matter for re-sentencing consistent with the foregoing opinion.

JUDGMENT REVERSED AND CASE
REMANDED FOR RESENTENCING
CONSISTENT WITH THIS OPINION.


Kline, J., dissenting.

{¶ 7}   I respectfully dissent.   Because Appellant did not raise the merger issue at the trial court level, "our review of this matter is subject to a plain error standard."   *State v. VanValkenburg*, 5th Dist. No. 11-CA-91, 2012-Ohio-1213, ¶ 15.   *Accord   State v. O'Neill*, 6th Dist. No. WD-10-029, 2011-Ohio-5688, ¶ 26; *State v. Triplett*, 4th Dist. No. 10CA35, 2011-Ohio-4628, ¶ 1.   "For a reviewing court to find plain error: 1.) there must be an error, i.e., 'a deviation from a legal rule'; 2.) the error must be plain, i.e., 'an "obvious" defect in the trial proceedings'; and 3.) the error must have affected 'substantial rights,' i.e., it must have affected the outcome of the proceedings."   *State v. Glasser*, 4th Dist. No. 11CA11, 2012-Ohio-3265, ¶ 48, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).   But here, the principal opinion reverses the trial court's judgment based on the *mere possibility* of error.   This represents a clear departure from the plain-error standard.   Therefore, instead of remanding this case to the trial court, I would apply the merger test and determine whether the trial court did in fact err.   *See, e.g.*, *State v. Evans*, 4th Dist. No. 10CA1, 2012-Ohio-1562, ¶ 73-80 (applying the merger test in a plain-error review); *State v. Williams*, 5th Dist. No. 2012-CA-34,

2012-Ohio-4708, ¶ 7-24 (same); *State v. Luong*, 12th Dist. No. CA2011-06-110,

2012-Ohio-4520, ¶ 34-48 (same); *State v. Anderson*, 2012-Ohio-3347, 974 N.E.2d 1236, ¶ 13-42

(1st Dist.) (same).

**{¶ 8}**   Accordingly, I respectfully dissent.


### JUDGMENT ENTRY

It is ordered that the judgment be reversed and case remanded for resentencing consistent

with this opinion.   Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County

Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment & Opinion
Kline, J.: Dissents with Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

## **<u>NOTICE TO COUNSEL</u>**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.