[Cite as *State v. Taylor*, 2013-Ohio-471.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

STATE OF OHIO, :

    Plaintiff-Appellee, : Case No. 12CA9

    vs. :

DANDY E. TAYLOR, II, : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant. :

_____

APPEARANCES:

COUNSEL FOR APPELLANT: Benjamin E. Fickel, 47 North Market Street, Ste. 208, Logan, Ohio 43138

COUNSEL FOR APPELLEE: Laina Fetherolf, Hocking County Prosecuting Attorney, 88 South Market Street, Logan, Ohio 43138

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-6-13
ABELE, J.

{¶ 1} This is an appeal from a Hocking County Common Pleas Court judgment of conviction and sentence. Dandy E. Taylor, II, defendant below and appellant herein, pled guilty to (1) breaking and entering in violation of R.C. 2911.13(A), and (2) possession of criminal tools in violation of R.C. 2923.24(A).

{¶ 2} Appellant assigns the following error for review:

> "THE TRIAL COURT ERRED WHEN IT IMPOSED
> SEPARATE SENTENCES UPON DANDY E. TAYLOR FOR
> OFFENSES THAT AROSE FROM THE SAME CONDUCT,
> WERE NOT COMMITTED SEPARATELY OR WITH A

SEPARATE ANIMUS, AND SHOULD HAVE BEEN MERGED
FOR SENTENCING PURPOSES UNDER O.R.C. 2941.25."

{¶ 3}   On January 6, 2012, the Hocking County Grand Jury returned an indictment that charged appellant with the above noted offenses, as well as a third count that charged him with tampering with a coin machine in violation of R.C. 2911.32(A).   Appellant initially pled not guilty, but later agreed to plead guilty to the first and second counts in return for dismissal of the third count, and a recommendation of six month sentences on the first two counts, both to be served consecutively.

{¶ 4}   At the plea hearing, the parties reviewed the agreement's terms and the trial court endeavored to ascertain whether appellant understood his rights.   Satisfied that he did, the trial court accepted the guilty pleas and imposed six month terms of incarceration for each count, to be served consecutively as per the plea agreement.   This appeal followed.

{¶ 5}   Appellant asserts that the trial court erred by imposing separate sentences for the two counts because, pursuant to R.C. 2941.25(A), they are allied offenses of similar import. The appellee concedes the argument and agrees the matter must be remanded for re-sentencing.

{¶ 6}   Ohio law provides that when "the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A).   The statute's effect is that allied offenses of similar import are to be merged at sentencing.   See *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio- 4569, 895 N.E.2d 149, ¶43; *State v. McGuire*, 80 Ohio St.3d 390, 399, 686 N.E.2d 1112 (1997).

{¶ 7}   Breaking and entering and the possession of criminal tools may not always be allied offenses in all cases. See, e.g., *State v. Brewer*, 3rd Dist. No. 16–11–13, 2012-Ohio-3899, at

¶48.   However, they may be allied offenses when the criminal tools are used for the breaking and entering. See, *State v. VanValkenburg*, 5th Dist. No. 11–CA–91, 2012-Ohio-1213, at ¶17.

{¶ 8}   The appellee concedes "[t]here is no evidence the Defendant used the tools for any other purpose than to commit the offense of breaking and entering."   We accept that admission for purposes of our review, and, thus, agree that the charges are allied offenses of similar import and that appellant may only be convicted and sentenced under one.   However, our initial question is whether appellant's plea agreement concerning his sentence constitutes a waiver of the statute's application.   R.C. 2953.08(D)(1) provides that a sentence is not subject to appellate review if it is "recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."   Here, appellant's sentence resulted from a plea agreement.   Consequently, we must ask whether appellant's agreement resulted in a waiver of the application of R.C. 2945.25(A)?   On this point the appellee concedes that he did not, and we agree.

{¶ 9}   The Ohio Supreme Court held in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at paragraph one of the syllabus, that when multiple sentences are "imposed for multiple convictions on offenses that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D)(1) does not bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court."   The Court explained that R.C. 2941.25, in essence, codifies the Double Jeopardy protections of the Fifth Amendment to the United States Constitution and, thus, must be considered as an exception to R.C. 2953.08(D)(1).   *Underwood*, *supra*, at ¶¶23-26.

{¶ 10}  Because the appellee conceded that these offenses are allied offenses of similar

import, and because R.C. 2941.25 protections are not waived pursuant to the *Underwood*

decision, we agree that the trial court erred by sentencing appellant for both the offenses of

breaking and entering and the possession of criminal tools.

{¶ 11} Accordingly, appellant's assignment of error is well taken and sustained.   We

hereby affirm the trial court's judgment as it relates to appellant's conviction, but reverse as to the

sentence and remand the matter for re-sentencing pursuant to this opinion.


                                                JUDGMENT AFFIRMED IN
                                              PART, REVERSED IN PART,
                                            AND CASE REMANDED
                                          FOR FURTHER PROCEEDINGS
                                        CONSISTENT WITH THIS
              OPINION.

[Cite as *State v. Taylor*, 2013-Ohio-471.]

## JUDGMENT ENTRY

It is ordered the judgment be affirmed in part, reversed in part, and that the case be remanded for further proceedings consistent with this opinion.   Appellant to recover of appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.