[Cite as *State v. Ballard*, 2013-Ohio-373.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98355**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DONNIE E. BALLARD

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-556386

**BEFORE:**     Blackmon, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**     February 7, 2013

**ATTORNEY FOR APPELLANT**

Ruth Fischbein-Cohen
3552 Severn Road
Suite 613
Cleveland Hts., OH 44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Brad S. Meyer
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, OH 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant Donnie E. Ballard ("Ballard") appeals the trial court's failure to merge allied offenses and assigns the following two errors for our review:

> **I. It was error to impose separate sentences for multiple crimes that were allied offenses of similar import under R.C. 2941.25.**
>
> **II. Counsel was ineffective by failing to object to the imposition of separate sentences for multiple crimes that were allied offenses of similar import under R.C. 2941.25.**

**{¶2}** Having reviewed the record and pertinent law, we reverse Ballard's sentence and remand for the trial court to conduct an allied offenses hearing regarding Ballard's convictions for vandalism and possession of criminal tools. The apposite facts follow.

## Facts

**{¶3}** The Cuyahoga County Grand Jury indicted Ballard for breaking and entering, petty theft, vandalism, and possession of criminal tools. Ballard filed a motion to suppress statements he made to police.

**{¶4}** At the suppression hearing, Officer Matthew Cicero testified that on November 8, 2011, at around 1:00 a.m., he and his partner were patrolling the area of Kinsman and East 131st Street when they saw Ballard walking in and out of Alexander Hamilton School with pieces of a radiator. The school, which was no longer in use, had the windows boarded up. The boards on one of the windows had been removed. The officers observed Ballard exit through a door he had propped open with a shopping cart

that he used to place the items he was taking from the school. The officers watched Ballard for about 15 minutes.

{¶5} When Ballard appeared ready to leave, the officers approached him. Ballard told them he had heard noises in the school and was investigating. The officers searched Ballard and discovered a flashlight, a wrench, and some copper wiring; he was subsequently arrested.

{¶6} After the court denied the motion to suppress, Ballard entered a no contest plea to each count. The trial court sentenced Ballard to eight months each as to the breaking and entering, vandalism, and possession of criminal tools counts and six months for the petty theft count. The trial court ordered the terms to be served concurrently with each other.

## Allied Offenses

{¶7} Ballard argues in his first assigned error that the trial court erred by not merging the offenses because they were all part of one act.

{¶8} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 43, the Ohio Supreme Court stated that the purpose of merging allied offenses as follows:

> **[It has been] consistently recognized that the purpose of R.C. 2941.25 is to prevent shotgun convictions, that is, multiple findings of guilt and corresponding punishments heaped on a defendant for closely related offenses arising from the same occurrence. *Geiger*, 45 Ohio St.2d at**

**242, 344 N.E.2d 133. This is a broad purpose and ought not to be watered down with artificial and academic equivocation regarding the similarities of the crimes. When "in substance and effect but one offense has been committed," the defendant may be convicted of only one offense.** *Botta*, **27 Ohio St.2d at 203, 271 N.E.2d 776.**

{¶9} With this purpose in mind, the *Johnson* court established a new two-part test for determining whether offenses are allied offenses of similar import under R.C. 2941.25. In so doing, the supreme court expressly overruled *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, which required a "comparison of the statutory elements in the abstract" to determine whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other. The *Johnson* court held that rather than compare the elements of the crimes in the abstract, courts must consider the defendant's conduct.

{¶10} Under *Johnson*, the first inquiry focuses on "whether it is possible to commit one offense and commit the other with the same conduct * * *." *Id.* at ¶ 48. It is not necessary that the commission of one offense will always result in the commission of the other. *Id.* Rather, the question is whether it is possible for both offenses to be committed by the same conduct. *Id.* Conversely, if the commission of one offense will never result in the commission of the other, the offenses will not merge. *Id.* at ¶ 51.

{¶11} If the multiple offenses can be committed with the same conduct, the court must then determine whether the offenses were in fact committed by a single act, or performed with a single state of mind. *Johnson* at ¶ 49. If the answer to both questions is yes, the offenses are allied offenses of similar import and must be merged. *Id*. at ¶ 50. On the other hand, if the offenses are committed separately or with a separate animus, the offenses will not merge. *Id*. at ¶ 51.

{¶12} The only facts we have before us are those from the suppression hearing. The facts indicated that Ballard broke into a vacant school building in order to steal scrap metal. There is no question that the act of breaking into the school was committed separately from the theft. To convict a defendant of breaking and entering, the state is required to prove that the defendant, by force, stealth, or deception, trespassed in an unoccupied structure with purpose to commit therein any theft offense or any felony. R.C. 2911.13(A). To convict a defendant of theft, the state is required to prove that a defendant, with purpose to deprive the owner of property, knowingly obtained or exerted control over the property without the consent of the owner or person authorized to give consent. R.C. 2913.02(A)(1).

{¶13} Theft in violation of R.C. 2913.02(A)(1) and breaking and entering in violation of R.C. 2911.13(A) are not allied offenses of similar import because the two offenses cannot be committed with the same conduct. *State v. Sludder*, 3d Dist. No. 1-11-69, 2012-Ohio-4014; *State v. Brewer*, 3d Dist. No. 16-11-13, 2012-Ohio-3899, ¶ 45, citing *State v. Ayers*, 12th Dist. Nos. CA2010-12-119 and CA2010-12-120,

2011-Ohio-4719, ¶ 34, citing *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at ¶ 51.

{¶14} Once Ballard forced his way into the school building with the purpose to steal scrap metal, the breaking and entering offense was complete. The theft offense was completed after Ballard took control of the scrap metal with the purpose to deprive the owner of the scrap without the owner's consent. This was after he had broken into the school. When one offense was complete before another offense occurred, the two offenses are committed separately for purposes of R.C. 2941.25(B), notwithstanding their proximity in time and that one was committed in order to commit the other. *Sludder* at ¶ 14; *State v. Turner*, 2d Dist. No. 24421, 2011-Ohio-6714, ¶ 24.

{¶15} However, based on the scant facts presented, we are unable to determine if the vandalism charge arose because of damage that occurred due to the breaking into the school, taking apart the school radiator, or some other act. Arguably, if the vandalism charge is related to the breaking and entering or theft charge, it would be an allied offense.

{¶16} As to the possession of criminal tools count, the only objects that were found on Ballard were a flashlight and a wrench. The indictment and the bill of particulars do not list the criminal tools, but the incident report admitted at the suppression hearing refers to a wrench and flashlight. Therefore, these are the only tools referred to in the record.

**{¶17}** It is possible to commit a theft and possess criminal tools with the same conduct. In *State v. Simmonds*, 12th Dist. No. CA2011-05-038, 2012-Ohio-1479 a defendant used a drill, pipe cutter, wire cutter, and a wrench to disassemble, detach, and steal an air conditioning unit from a building. The *Simmonds* court held that the defendant committed a theft offense while, at the same time, possessing criminal tools. To reach this conclusion, the court noted that it was undisputed that the defendant used the tools during the commission of the theft, and the evidence showed the state charged the defendant for the possession of criminal tools based upon his conduct in engaging in the theft. *Id*. at ¶ 19-23. Thus, the court in *Simmonds* concluded that the defendant could commit both theft and possession of criminal tools at the same time with the same intent. *Cf. State v. VanValkenburg*, 5th Dist. No. 11-CA-91, 2012-Ohio-1213 (when a defendant uses a crowbar to break into a business to steal metal for scrap, the breaking and entering and criminal tools counts merge).

**{¶18}** The state argues that the use of a flashlight is not a tool that would merge with the primary offense because it is not actually used to aid in gaining entrance to the school or to disassemble items. However, undoubtedly Ballard used the flashlight to locate the items to steal. The wrench is the type of tool that Ballard could have used to disassemble the radiator, which the evidence shows he removed in pieces. Therefore, under these circumstances the possession of criminal tools would merge with the theft offense.

**{¶19}** The trial court was incorrect in stating at the sentencing hearing that its intent to run the cases concurrently resolved the allied offenses issue. The imposition of concurrent sentences is not the equivalent of merging allied offenses. *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512. "Even when the sentences are to be served concurrently, a defendant is prejudiced by having more convictions than are authorized by law." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at ¶ 31. The trial court should have conducted a hearing to determine whether the vandalism and possession of criminal tools counts should merge with the breaking and entering or theft counts. Accordingly, Ballard's first assigned error is sustained in part.

### Ineffective Assistance of Counsel

**{¶20}** In his second assigned error, Ballard argues that his counsel was ineffective because he failed to argue that Ballard's convictions should be merged.

**{¶21}** To establish a claim for ineffective assistance of counsel, Ballard must show that his counsel's performance was deficient and that deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768 (1990). Under *Strickland*, our scrutiny of an attorney's work must be highly deferential, and we must indulge "a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id*. at 688.

**{¶22}** In the instant case, counsel did inform the court that the counts should merge. However, the trial court informed counsel that he was not planning on running the counts consecutive. The following colloquy occurred:

> **Attorney:** **Since these are basically one event, we will ask the court to view this as one event in terms of whatever your ultimate prison sentence will be. I have case law,** *State v. Clay*, **196 Ohio Appellate Third, page 305. It's in my April 2, 2012 brief that indicates robbery and PCT are allied offenses under the** *Johnson* **analysis.**

> **Court:** **Put your mind to rest, I wasn't considering sentencing him consecutively. * * * But I have no intention of, based upon this situation, sentencing him consecutively just to be obnoxious.** Tr. 97.

**{¶23}** Although Ballard's attorney stated that he filed a brief regarding the allied offenses, our review of the record does not show that Ballard's attorney actually filed a brief. Nonetheless, he did argue at sentencing that at least some of the counts should be merged. Therefore, he was not ineffective for failing to raise the issue. Ballard's second assigned error is overruled.

**{¶24}** Judgment reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR